UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SKY ENTERPRISES, LLC,

    Appellant,

v.                                                      Case No. 3:21-cv-1148-TJC

SEAWALK INVESTMENTS, LLC,

    Appellee.

## **O R D E R**

Appellant Sky Enterprises, LLC appeals four of the bankruptcy court's orders: (1) Findings of Fact and Conclusions of Law (Doc. 3-4); (2) Order Confirming Debtor Seawalk Investments, LLC's Third Amended Chapter 11 Plan of Reorganization (Doc. 3-616); (3) Order Valuing Debtor's Real Property (Doc. 3-620); and (4) Order Valuing Sky Enterprises, LLC's Secured Claim (Doc. 3-623). Sky raises the following six issues on appeal:

- Issue One: Whether the Trial Court abused its discretion in confirming the Debtor's Plan that includes a non-consensual third-party bar?

- Issue Two: Whether the Trial Court erred in determining that Debtor's Plan met the test for "Cramdown" Under 11 U.S.C. § 1129(b)?

- Issue Three: Whether the Trial Court abused its discretion when determining that the value of Appellant's secured claim under § 506 of the Bankruptcy Code was $811,372.40, which conclusion did not include most attorneys' fees incurred by Appellant in protecting its priority claim?

- Issue Four: Whether the Trial Court erred in determining that the Debtor's Plan was feasible under 11 U.S.C. § 1129(a)(11)?

- Issue Five: Whether the Trial Court erred in determining that Debtor's property has a value of $4,750,000.00?

- Issue Six: Whether the Trial Court erred in determining that Sky's competing Plan of Reorganization was neither proposed in good faith nor in the best interest of creditors under 11 U.S.C. § 1129(a)?

(Doc. 9 at 11). On March 27, 2023, the Court held oral argument on all six issues, the record of which is incorporated by reference. (Doc. 22).

**A. Standard of Review**

"A bankruptcy court's conclusions of law are reviewed de novo while its findings of fact are reviewed under the clearly erroneous standard." In re Gunn, 387 B.R. 856, 860 (M.D. Ala.), aff'd, 317 F. App'x 883 (11th Cir. 2008) (citing Gen. Trading Inc. v. Yale Materials Handling Corp., 119 F.3d 1485, 1494 (11th Cir. 1997)). "Valuation is a mixed question of law and fact." In re Westport Holdings Tampa, LP, 604 B.R. 82, 87 (M.D. Fla. 2019) (citing In re Seaside Eng'g & Surveying, Inc., 780 F.3d 1070, 1075 (11th Cir. 2015)). "Selection of a valuation method is a legal matter subject to de novo review, and findings made under that standard are facts subject to clear error review." Id. (citing In re Seaside, 780 F.3d at 1075). "The Court reviews a bankruptcy court's award or denial of attorney's fees for an abuse of discretion." In re Grunau, 376 B.R. 322, 328 (M.D. Fla. 2007) (Howard, J.) (citing Matter of U.S. Golf Corp., 639 F.2d 1197, 1201 (5th Cir. 1981) and In re Beverly Mfg. Corp., 841 F.2d 365, 369 (11th

2

Cir. 1988)).

### B. Issues One, Two, Four, Five, and Six

The Court reviewed the parties' briefs, the bankruptcy court record (including the bankruptcy court's orders, hearing transcripts, and the parties' other filings), and heard oral argument from the parties. The Court concludes that the bankruptcy court's conclusions of law were correct, and its factual findings regarding the approval of Seawalk's plan, rejection of Sky's plan, and the $4.75 million valuation of the Property were not clearly erroneous.

### C. Issue Three: Attorneys' Fees

The Court determines that the case should be remanded to the bankruptcy court to clarify its attorneys' fee determination. Sky requested that the bankruptcy court value its claim at $1,092,761.49 ($741,960.76 in principal balance; $19,411.64 in accrued interest; $294,383.39 [1] in attorneys' fees; $25,000 in expert witness costs; and $12,005.70 in other costs). (Doc. 3-4 at 9, 15). The bankruptcy court agreed with the principal balance and interest calculations, but it cut attorneys' fees to $50,000 and declined to award expert witness fees and other costs.[2] Id. at 16.

---

[1] Some of these fees were incurred when NLA still owned the primary mortgage debt. (Doc. 3-4 at 9).

[2] The bankruptcy court determined that expert witness fees and costs are not taxable to a non-prevailing party, and Sky does not discuss why that

3

The parties do not dispute that the value of Sky's secured claim includes reasonable attorneys' fees. See (Doc. 3-4 at 9) ("The promissory note associated with the Primary Mortgage Debt provides that [the Debtor] agrees to pay [Sky]'s attorney's fees incurred in protecting and preserving its lien and or in enforcing its rights under the note.") (citation omitted) (alterations in original). Sky is entitled to recover attorneys' fees to enforce its rights despite being an oversecured creditor. See 11 U.S.C. § 506(b) ("To the extent that an allowed secured claim is secured by property the value of which . . . is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement . . . under which such claim arose."). "[A] party seeking relief under [§ 506(b)] must demonstrate: (1) that its claim is oversecured in excess of the fees and costs requested; (2) that the agreement between the secured party and the debtor provides a claim for attorneys' fees and costs; and (3) that the fees and costs sought are reasonable." In re Reorganized Lake Diamond Assocs., LLC, 367 B.R. 858, 874 (Bankr. M.D. Fla. 2007). The first two elements are undisputed here.

In considering the final element, in In re Reorganized Lake Diamond (also a Chapter 11 case with a § 506(b) attorneys' fee issue), the bankruptcy court

---

conclusion was incorrect. (Doc. 3-4 at 16) (citing In re Unnerstall, No. 6:17-BK-00336-KSJ, 2018 WL 1989936, at *8 (Bankr. M.D. Fla. Apr. 25, 2018)).

stated that:

> The federal lodestar approach is utilized in determining reasonable attorneys' fees. [In re Pak, 252 B.R. 215, 220 (Bankr. M.D. Fla. 2000)] (citation omitted). Under the lodestar approach, courts consider the number of hours of service reasonably devoted to the case multiplied by the attorneys' reasonable rates, and reduced or enhanced according to the twelve-factor test enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)[,. Pak, 252 B.R. at 220 (citing Grant v. George Schumann Tire & Battery Co., 908 F.2d 874, 877 (11th Cir. 1990)). Therefore, a court must "1) determine the nature and extent of the services rendered; 2) determine the value of those services; and 3) consider the factors laid out in [Johnson] and explain how they affect the award." Grant, 908 F.2d at 877–78 (citation and footnotes omitted); see also Pak, 252 B.R. at 219 (citing Grant, 908 F.2d at 877). In considering the Johnson factors, however, "[e]ach . . . factor . . . must be considered in light of the other factors, and 'a genuine balance must be struck by the bankruptcy judge.'" Grant, 908 F.2d at 879 (quoting In re U.S. Golf Corp., 639 F.2d 1197, 1205 (5th Cir.1981)).

In re Reorganized Lake Diamond, 367 B.R. at 875 (alterations in original). The Johnson factors include:

> (i) time and labor expended; (ii) novelty and difficulty of the questions raised; (iii) skill required to properly perform the legal services rendered; (iv) attorney's opportunity cost in pursuing the matter; (v) customary fee for like work; (vi) whether the fee is fixed or contingent; (vii) time limitations imposed by the client or circumstances; (viii) amount in controversy and the results obtained; (ix) experience, reputation, and ability of the attorney; (x) undesirability of the case within the legal community in which the case arose; (xi) nature and length of the professional relationship between attorney and client; and (xii) attorney's fee awards in similar cases.

Johnson, 488 F.2d at 717–19. Further,

> [i]n making a fee determination, the Court must consider not only

5

> the fee agreement but the overall fairness and reasonableness of the fee under all of the circumstances. <u>Reasonable fees are those necessary to the collection and protection of a creditor's claim and include fees for those actions which a similarly situated creditor might have taken</u>. The fees must be cost justified by the economics of the situation and necessary to preserve the creditor's interest in light of the legal issues involved. A secured creditor is not entitled to compensation for its attorneys['] fees for every action it takes by claiming that its rights have been [a]ffected."

<u>In re Reorganized Lake Diamond</u>, 367 B.R. at 867 (quoting <u>In re Digital Prods. Corp.</u>, 215 B.R. 478, 482 (Bankr. S.D. Fla. 1997)) (determining fees in the § 506(b) context) (emphasis added).

Here, the bankruptcy court discussed why a similar creditor would not have incurred as many fees as Sky did. (Doc. 3-4 at 16). It cited facts such as Sky's significant equity cushion, that Sky had no risk of loss, and Sky's ulterior motive to buy the property. <u>Id.</u> The bankruptcy court then found that $50,000 in fees (out of the $294,383.39 requested) was appropriate. <u>Id.</u> The bankruptcy court provided a sufficient explanation as to why Sky should not be awarded its full attorneys' fees; however, it did not discuss what a reasonable number of hours would be, the <u>Johnson</u> factors, or generally how it determined the $50,000 figure. The Court is unable to determine how the bankruptcy court calculated the amount of Sky's attorneys' fees. <u>See</u> <u>In re Grunau</u>, 376 B.R. at 333 ("[T]he bankruptcy court acknowledged the lodestar method but did not engage in a lodestar analysis. However, the court did not state that it found such an analysis unnecessary or inappropriate."); <u>see also</u> <u>In re Reorganized Lake</u>

6

Diamond, 367 B.R. at 875 (engaging in the lodestar analysis). The Court does not prejudge what a reasonable fee would be and does not exclude the possibility that the $50,000 fee award is appropriate. However, the bankruptcy court must explicitly show that it conducted the lodestar or some other appropriate analysis[3] in arriving at a reasonable fee.

Accordingly, it is hereby

**ORDERED:**

1. The Clerk is directed to reopen this case.

2. The case is **REMANDED** to the bankruptcy court for the limited purpose of considering Sky's request for attorneys' fees as part of the value of Sky's secured claim as described herein.

3. With regard to the remaining issues, the bankruptcy court is **AFFIRMED**.

4. Following remand, the Clerk is directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 29th day of August, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

---

[3] See, e.g., Loranger v. Stierheim, 10 F.3d 776, 783 (11th Cir. 1994) (In an appropriate case, the court may base a fee award on a percentage reduction in either the number of hours claimed or in the final lodestar figure.)

7

ckm
Copies:
Honorable Jerry A. Funk
United States Bankruptcy Judge

Counsel of record